Mr; Justice Clayton
delivered the opinion of the court.
This was a scire facias issued to revive a judgment obtained by the Bank of Port Gibson against the defendants in error. They pleaded to the scire facias that a judgment of forfeiture had been rendered against the bank, and that prior to the rendition of the judgment in this case, the bank had assigned the note sued on to. certain persons as its assignees. A replication was filed- to this plea, to which a demurrer was filed, and which is claimed to be extended to-the plea.
This case differs from Person & Marye v. Daniel Yates, decided at the present term of the court, and those of similar character previously decided, in this, that in those cases, the plea was tendered to the original action, before the rendition of the judgment.; in this it is offered to the scire facias issued to revive *553 the judgment. It is a settled rule that the defendant cannot plead any matter to a scire facias on a judgment, which he might have pleaded to the original action, or which existed prior to the judgment. The rule is the same, whether the judgment was obtained by confession, or default, or upon plea. 1 Robertson, Prac. 585. McFarland v. Irwin, 8 Johns. Rep. 78.
The application of this principle excludes the plea in this case, and makes the judgment of the court below erroneous.
It is therefore reversed, the said plea adjudged to be insufficient, and the cause remanded for further proceedings.
Judgment reversed.